## STATE OF CONNECTICUT *v.* GLENN SPROULS
### (AC 17146)

Landau, Hennessy and Shea, Js.

Argued June 9—officially released August 4, 1998

*Francis L. O'Reilly,* special public defender, for the appellant (defendant).

*Toni M. Smith-Rosario,* assistant state's attorney, with whom were *John T. Redway,* state's attorney, *Barbara Hoffman,* assistant state's attorney, and, on the brief, *Mary H. Lesser,* assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Glenn Sprouls, appeals from the judgment, rendered following a jury verdict, convicting him of operating a motor vehicle while under

the influence of intoxicating liquor[1] in violation of General Statutes § 14-227a (a) (1).[2] He also appeals from that portion of the judgment, rendered by the court after a trial without a jury, convicting him of being a fourth offender under General Statutes § 14-227a (h) (4)[3] as a result of three prior convictions for operating a motor vehicle while under the influence of intoxicating liquor, as alleged in part B of the information. The only issue raised by the defendant is whether the evidence was sufficient to prove beyond a reasonable doubt that he was guilty of violating §§ 14-227a (a) (1) and 14-227a (h) (4).

We have reviewed the evidence as summarized in the briefs relating to the offenses of which the defendant was convicted and have concluded that it adequately supports the verdict of the jury and the finding of the court. The arresting officer, who had training and experience in cases involving the operation of motor vehicles while under the influence of intoxicating liquor, testified that the defendant's vehicle crossed the center line into the lane for oncoming traffic several times as the defendant drove to his home. He did not stop in response to the emergency lights and siren on the police cruiser following him. There was an odor of alcohol emanating from the defendant when he emerged from

---

[1] The jury also found the defendant guilty of reckless driving in violation of General Statutes § 14-222, but he has not challenged his conviction of that offense.

[2] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. . . ."

[3] General Statutes § 14-227a (h) provides in relevant part: "Any person who violates any provision of subsection (a) of this section shall . . . (4) for conviction of a fourth and subsequent violation within ten years after a prior conviction for the same offense, be fined not less than two thousand dollars nor more than eight thousand dollars and imprisoned not more than three years, one year of which may not be suspended or reduced in any manner, and have his motor vehicle operator's license or nonresident operating privilege permanently revoked upon such fourth offense. . . ."

his vehicle at his house, where the officer arrested him. His eyes were glassy and bloodshot, and his speech was slurred and confusing. He failed the sobriety tests conducted by the officer at the state police barracks and refused the breath test that was requested. Another state police officer observed the defendant at the barracks and confirmed the testimony of the arresting officer regarding the defendant's intoxicated condition and his refusal of the breath test.

To prove that the defendant was a four time offender in violation of § 14-227a (h) (4), the state introduced certified copies of the judgments evidencing his three previous convictions for violating § 14-227a (a) (1). The arresting officers in each of the three previous cases identified the defendant as the person they had arrested on the dates shown on the copies of the judgments.

The judgment is affirmed.